William W. Heaivilin, Esq.
Nevada Bar No.7742
Lynne P. Bigley, Esq.
Nevada Bar No. 6226
Nevada Disability Advocacy & Law Center
6039 Eldora Avenue, Suite C-Box 3
Las Vegas, Nevada 89146
Telephone: (702) 257-8150
Fax: (702) 257-8170

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NEVADA DISABILITY ADVOCACY AND )
LAW CENTER, INC., the State of Nevada's )
Protection and Advocacy Agency, a Nevada )    CIVIL ACTION NO:
Non-Profit Corporation, )
 )
    Plaintiff, )    CV-S-05-0757-PMP-PAL
 )
vs. )
 )
MICHAEL J. WILLDEN, in his official )
capacity as Director of the Department of )
Human Resources; CARLOS )    **COMPLAINT**
BRANDENBURG, in his official capacity as )
Administrator of the Division of Mental Health )
and Developmental Services; JONNA )
TRIGGS, in her official capacity as Director of )
Southern Nevada Adult Mental Health )
Services; HAROLD COOK, in his official )
capacity as Director of Northern Nevada Adult )
Mental Health Services; STANLEE DODD, in )
his official capacity as Director of Desert )
Regional Center; and DAVID LUKE, in his )
official capacity as Director of Sierra Regional )
Center, )
 )
    Defendants. )
_____)

COMES NOW the Plaintiff Nevada Disability Advocacy & Law Center (hereinafter "NDALC") by though the undersigned attorneys and for its Complaint alleges and states the following:

\\\

# I.

# **INTRODUCTION**

1. Plaintiff NDALC is the designated protection and advocacy system in Nevada, and it brings this action to challenge Defendants refusal to provide documents related to incidents involving injuries and/or denial of rights to persons with disabilities. Defendants have refused to provide Plaintiff with internal investigation reports and have failed to provide Plaintiff with serious incident reports related to the injury and/or denial of rights to persons with disabilities by alleging that the documents sought by NDALC are peer review, quality assurance materials or work product as well as maintain policies against providing such documents to NDALC. Plaintiff is seeking these records pursuant to its investigative mandate under federal law.

2. Specifically, NDALC is seeking a declarative judgment pursuant to 28 U.S.C. §2201 to declare the rights of the parties to documents pursuant to the Developmental Disabilities Assistance and Bill of Rights Act of 2000 (hereinafter the "DD Act"), 42 U.S.C. §15041-§15045, and the Protection and Advocacy for Individuals with Mental Illness Act of 1986 (hereinafter the "PAIMI Act"), 42 U.S.C. §10801, et seq. NDALC also states a claim pursuant to 42 U.S.C. §1983 based on Defendants failure to grant NDALC prompt access to documents related to serious incident reports and death reports authorized by the DD Act and the PAIMI Act and their implementing regulations. In addition, NDALC seeks injunctive relief against Defendants to order Defendants to promptly produce all incident reports and death reports requested and to prohibit Defendants from implementing any policy that denies access to such documents. NDALC seeks a permanent injunction to prohibit Defendants and their successors from future acts which would deny NDALC access to such documents in the future. Finally, NDALC is seeking reasonable attorney fees and costs pursuant to 42 U.S.C. §1988.

# II.

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §1331 as a civil action arising under the laws of the United States, i.e. 42 U.S.C. §10801, et seq., 42 U.S.C §15041-15045, 42 U.S.C. §1983 and for a declaratory judgment pursuant to 28 U.S.C.§2201.

4. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b) as all named Defendants reside in the District of Nevada and the acts or omissions giving rise to Plaintiff's cause of action occurred within this judicial district.

## III.

## PARTIES

5. NDALC is a non-profit Nevada corporation designated by Governor Bob Miller in March, 1995 to be the protection and advocacy system for Nevada pursuant to the DD Act and the PAIMI Act. NDALC's mandate is to protect the rights of persons with disabilities in Nevada. NDALC expends significant time and resources advocating to protect the rights of individuals with disabilities who receive services, care and treatment from the State of Nevada.

6. Defendant Michael J. Willden is the Director of the Department of Human Resources (hereinafter "Department" or "DHR"). The Department provides services, care and treatment to individuals with disabilities in Nevada. He is responsible for the policies of the Department and for the administration, operation and control of the functions, programs and affairs of DHR. Director Willden's duties also include ensuring that the Department and its policies are in compliance with federal laws and regulations including the DD Act, the PAIMI Act and their implementing regulations. He is being sued in his official capacity as Director of the Department.

7. Defendant Carlos Brandenburg is the Administrator of the Division of Mental Health and Developmental Services (hereinafter "Division") of DHR. The Division provides services, care, and treatment to individuals with mental illness and developmental disabilities. He is responsible for the policies of the Division and for the administration, operation and control of the functions, programs, and affairs of the Division. Administrator Brandenburg duties

- 3 -

also include ensuring that the Division and its policies are in compliance with federal law and regulations including the DD Act, the PAIMI Act and their implementing regulations. He is being sued in his official capacity as Administrator of the Division.

8. Defendant Jonna Triggs is the Director of the Southern Nevada Adult Mental Health Services (hereinafter "SNAMHS"). SNAMHS is a facility of the Division which provides mental health services. She is responsible for the policies of SNAMHS and for the administration, operation and control of the functions, programs and affairs of SNAMHS. She is being sued in her official capacity as Director of SNAMHS.

9. Defendant Harold Cook is the Director of the Northern Nevada Adult Mental Health Services (hereinafter "NNAMHS"). NNMHS is a facility of the Division which provides mental health services. He is responsible for the policies of NNAMHS and for the administration, operation and control of the functions, programs, and affairs of NNAMHS. He is being sued in his official capacity as Director of NNAMHS.

10. Defendant StanLee Dodd is the Director of the Desert Regional Center (hereinafter "DRC"). DRC is a facility of the Division which provides services to individuals with mental retardation and related conditions. He is responsible for the policies of DRC and for the administration, operation and control of the functions, programs and affairs of DRC. He is being sued in his official capacity as Director of DRC.

11. Defendant David Luke is the Director of the Sierra Regional Center (hereinafter "SRC"). SRC is a facility of the Division which provides services to individuals with mental retardation and related conditions. He is responsible for the policies of SRC and for the administration, operation and control of the functions, programs and affairs of SRC. He is being sued in his official capacity as Director of SRC.

## IV.

## FACTS

12. Upon information and belief, on or about April 19, 2005, a woman with a mental illness hereinafter referred to as "TD" died while receiving inpatient care and treatment at SNAMHS in Clark County, Nevada.

- 4 -

13. After obtaining knowledge of TD's death while she was in custody of SNAMHS, NDALC initiated an investigation of her death to determine whether or not her death was a result of abuse and/or neglect by SNAMHS staff. Based on information and belief, a serious incident report and a death review report have been or will be completed regarding TD's death by SNMAHS pursuant to Division policy.

14. On April 20, 2005, NDALC requested in writing that the Division's counsel provide NDALC with all records and information related to TD's death while at SNAMHS including serious incident reports and internal investigations related to TD's death.

15. Defendants have not provided the records requested by NDALC related to TD's care and treatment or and have refused to provide internal investigative records related to her death. As a result, NDALC is unable to conduct its statutorily authorized investigation into TD's death.

16. On or about November 21, 2002 a man with developmental disabilities hereinafter referred to as "AM," received severe burns from scalding water while residing in a group home in Clark County, Nevada.

17. AM was a client of DRC. DRC provided AM case management services and funded AM's community based services.

18. NDALC has probable cause to believe that AM's injuries were a result of abuse and/or neglect. Based on information and belief, a serious incident report and internal invesitgation was initiated and completed by DRC pursuant to the Division's policies.

19. In March, 2003, NDALC verbally requested a copy of any and all internal investigation reports completed by DRC regarding the incident which severely injured AM.

20. In August, 2003, NDALC made a written request to Defendant Stan Lee Dodd for any internal investigation report completed by DRC regarding the incident which injured AM, and NDALC provided Defendant Dodd with a copy of a release of information executed by AM's guardian.

21. After consultation with Division staff, Defendant Stan Lee Dodd denied NDALC's request for any investigation report completed by DRC regarding the incident that injured AM.

- 5 -

22. In September, 2003, NDALC made a written request for any investigation report completed by DRC regarding AM's injuries to the Office for Attorney General who was representing the Division.

23. In October, 2003, the Office for Attorney General denied NDALC's request citing confidentiality, work product and quality assurance reasons.

24. Despite NDALC's numerous verbal and written requests for any internal DRC investigation report pertaining to the incident which caused AM's severe injuries, Defendants have refused to provide NDALC with these reports.

25. As a result of the denial of this investigation report document, NDALC is unable to complete its statutorily authorized investigation into the incident which caused AM's injuries, and NDALC is unable to determine if DRC, the Division, and Defendants have required the private group home provider or any other entity to take corrective measures in response to this incident in order to protect individuals with developmental disabilities.

26. On or about May 3, 2004, SRC staff administered the wrong medication to a man with developmental disabilities hereinafter referred to as JM who resided in a SRC facility in Washoe County, Nevada.

27. As a result of this medication administration error, JM was hospitalized in intensive care at Washoe County Medical Center.

28. NDALC has probable cause to believe that JM's hospitalization was due to abuse and/or neglect by SRC staff. Based on information and belief, a serious incident report and investigation report was completed by SRC pursuant to the Division's policies.

29. JM's father and legal guardian signed a release of information authorizing NDALC to obtain JM's SRC file.

30. On or about September 9, 2004, NDALC made a written request to Defendant David Luke to provide, among other documents, any and all incident reports for May 3, 2004, prepared by SRC staff involving JM as well as any and all internal investigation reports involving the May 3, 2004, incident related to JM.

31. NDALC's request for any incident report prepared by SRC staff and any internal

- 6 -

investigation report involving the May 3, 2004, incident related to JM was denied by Defendants. These documents are essential for NDALC's statutorily authorized investigation into the facts surrounding JM's injury.

32. Based on information and belief, on or about April 2005 a man with a mental illness hereinafter referred to as JL committed suicide while hospitalized at SNAMHS. On April 28, 2005, NDALC requested in writing that the Division's counsel provide NDALC with all records and information related to JL's death while at SNAMHS including serious incident reports and internal investigations related to JL's death.

33. Defendants have not provided the records requested by NDALC related to JL's care and treatment and have refused to provide internal investigative records related to his death. As a result, NDALC is unable to conduct its statutorily authorized investigation into JL's death.

34. The Division's Policy #4.022(6)(B)(3) states: "Reports prepared for purposes of performance improvement (i.e., root cause analyses, corrective action plans, denials of rights and incident reports) shall not be available to NDALC staff."

35. The Divison's Policy #4.022(6)(B)(3) unduly restricts NDALC from obtaining information and documents it is entitled to receive under federal law, and the policy impairs, limits and impedes NDALC's ability to conduct statutorily authorized investigations.

36. Defendants Michael Willden and Carlos Brandenburg are responsible for continuing to implement the Division policy of denying NDALC access to serious incident reports and other internal investigations, despite numerous oral and written requests by NDALC to Defendants Willden and Brandenburg to allow NDALC access to such records and documents. Defendants continued conduct regarding these incident reports unduly limits, impairs and impedes NDALC's ability to conduct statutorily authorized investigations regarding abuse and/or neglect allegations involving individuals with disabilities receiving care and/or treatment from the Division.

37. Defendants Jonna Triggs, Harold Cook, Stan Lee Dodd, and David Luke continue to implement Division policies at the Division entities they are responsible for administering which deny NDALC access to serious incident reports and other internal investigation

documents which unduly limit NDALC's ability to conduct statutorily authorized investigations regarding abuse and/or neglect allegations involving individuals with disabilities receiving care and/or treatment from the Division.

## VI.

## CAUSES OF ACTION

## A. VIOLATION OF THE PAIMI ACT

38. Plaintiff NDALC restates each and every allegation contained in Paragraphs 1 through 37 as though fully set forth herein.

39. At all times alleged, NDALC has been operating under authority granted by the PAIMI Act and its implementing regulations, 42 C.F.R. Part 51 et seq. as Nevada's protection and advocacy system.

40. 42 U.S.C §10805 (a)(1)(a) authorizes NDALC, as the protection and advocacy system for Nevada, to investigate incidents of abuse and/or neglect when such incidents are reported to NDALC, or NDALC has probable cause to believe that such incidents have occurred.

41. 42 U.S.C. §10805(a)(4)(A) authorizes NDALC to have access to the records of any individual who is a client and who has authorized access to their records. 42 C.F.R. §51.41(a) states that access to records shall be extended promptly to agencies such as NDALC.

42. 42 U.S.C. §10805(a)(4)(B) authorizes NDALC to have access to records of any individual who has died or who may be unable to authorize access due to a physical or mental condition, and NDALC has probable cause to believe the individual has been subject to abuse and/or neglect.

43. 42 U.S.C. §10806(b)(3)(A) defines records to include "reports prepared by staff of a facility rendering care and treatment or reports prepared by an agency charged with investigating reports of incidents of abuse, neglect and injury occurring at such a facility that describe incidents of abuse, neglect, and injury occurring at such a facility and the steps taken to investigate such incidents and discharge planning records." 42 C.F.R

- 8 -

§51.41(c)(1)-(5) describes the records that a protection and advocacy agency such as NDALC shall be authorized to access.

44. 42 U.S.C. §10806(b)(3)(B) states that an authorized system such as NDALC shall have access to records as described in 42 U.S.C.§10806(b)(3)(A).

45. Plaintiff NDALC's records request for records or investigational information pertaining to TD and JL including any serious incident reports and/or death review reports falls within the broad description of records and investigational information set forth in 42 U.S.C. §10806(b)(3)(A) and 42 C.F.R. §51.41(c)(1)-(5).

46. Defendants, through their legal counsel at the Nevada Department of Justice, have denied NDALC access to serious incident reports and/or death review reports pertaining to incidents involving TD and JL's death.

47. The Division's policy #4.022(6)(B)(3) violates 42 U.S.C §10806(b)(3)(A), (B) and 42 C.F.R. §51.41(c)(1)-(5) by prohibiting NDALC access to information and reports prepared by an agency or a facility that: describe abuse, neglect or injury occurring at the facility; steps taken to investigate the incidents; reports and records prepared or maintained by the facility in connection with such incidents of abuse, neglect or injury; and supporting information relied upon including all information and records used or reviewed in preparing reports of abuse, neglect or injury.

48. As a result of Defendants continued implementation of Division policies and the failure to voluntarily provide serious incident and/or death review reports in the incident involving TD and JL, Defendants are violating the PAIMI Act and its implementing regulations.

## B. VIOLATION OF THE DD ACT

49. Plaintiff NDALC restates each and every allegation in Paragraphs 1 through 37 as though fully set forth herein.

50. At all times alleged, NDALC has been operating under authority granted by the DD Act and its implementing regulations, 45 C.F.R. Part 1386 et seq. as Nevada's protection and

advocacy system.

51. The DD Act at 42 U.S.C. §15043(a)(2)(B) authorizes NDALC as the protection and advocacy system for Nevada to investigate incidents of abuse and neglect of individuals with developmental disabilities whenever those incidents are reported to NDALC or when NDALC has probable cause to believe that incidents of abuse and/or neglect have occurred.

52. 42 U.S.C. §15043(a)(2)(I)-(J) authorizes NDALC to have access to the records of any individual who is a client and who has authorized access to records or when investigating incidents of abuse and/or neglect. Records must be provided within 3 working days of a written request by NDALC.

53. 45 C.F.R. §1386.22(b) specifies that NDALC is authorized to have access to records prepared by an agency charged with investigating incidents of abuse or neglect, injury, or death at a facility when such records describe any or all of the follow: abuse, neglect, injury, or death; steps taken to investigate the incidents; reports and records, including personnel records prepared or maintained by the facility in connection with such reports of incidents; or supporting information relied upon in creating a report including records describing who were interviewed, physical or documentary evidence reviewed and related investigative findings.

54. NDALC's request for records or investigational information pertaining to AM and JM, including any serious incident reports, falls within the broad description of records and investigational information contained in 42 U.S.C. §15043(a)(2)(I)-(J) and 45 C.F.R.§1386.22(a)-(b).

55. Defendants failed to make the serious incident reports or other relevant investigational records pertaining to AM and JM available to NDALC within three business days as required under 42 U.S.C. §15043(a)(2)(J). Defendants, through their legal counsel at the Nevada Department of Justice, continue to deny NDALC access to these serious incident reports.

56. The Division's policy #4.022(6)(B)(3) violates 42 U.S.C. §15043(a)(2)(I)-(J) and 45

C.F.R §1386.22(b)(2) by prohibiting NDALC access to information and reports prepared by an agency or facility that: describe abuse, neglect, injury or death; steps taken to investigate the incidents; records and reports prepared or maintained in connection with such incidents of abuse, neglect, injury or death; and supporting information relied upon in preparing such reports.

57. In addition, the Division's policy and practice does not provide for NDALC to have access to client records, including serious incident reports within three business days.

58. As a result of Defendants continued implementation of Division policies and the failure to voluntarily provide serious incident reports in the incidents involving AM and JM within the statutory time frame, Defendants are violating the DD Act and its implementing regulations.

## C.

## DEPRIVATION OF RIGHTS UNDER 42 U.S.C. §1983

59. Plaintiff NDALC restates each and every allegation contained in Paragraphs 1 through 37 as though fully set forth herein.

60. At all times alleged, Defendants administered a policy of not releasing serious incident reports, death review reports and other investigational records to NDALC which the Defendants, through legal counsel, have regarded as work product, peer review or quality assurance records.

61. The PAIMI Act and its implementing regulations and the DD act and its implementing regulations authorizes Plaintiff NDALC to conduct abuse and neglect investigations and to otherwise perform its statutory mandate to protect individuals with developmental disabilities and mental illness from abuse and neglect.

62. In order to perform these investigatory functions as provided under federal laws and regulations, NDALC must have full access to records such as serious incident reports, death review records and other investigative records and in particular access to serious incident reports or death review reports pertaining to incidents involving TD, JL, AM and JM.

63. Defendants administration of Division policies and their practices under color of law, custom and usage of the State of Nevada deny NDALC full access to investigational materials and information required by: 42 U.S.C. §§10805 and 10806 and the implementing regulations 42 C.F.R. §51.41(c)(1) through (5); 42 U.S.C. §15043(a)(2)(I)-(J) and the implementing regulations 45 C.F.R. §1386.22(a)-(e); thus, depriving Plaintiff NDALC of its federal rights in violation of 42 U.S.C. §1983.

64. Plaintiff has no other legal or administrative remedy by which to obtain the investigational materials in question and to prevent Defendants' ongoing, future violations of the PAIMI Act and DD Act and their implementing regulations.

65. Plaintiff NDALC has no adequate remedy at law and will suffer irreparable harm to its federal rights absent injunctive relief being granted by this Court.

66. Only review by this Court of Defendants' ongoing violations of federal law and the issuance of injunctive relief will compel Defendants to provide records to the Plaintiff, in order for Plaintiff to fulfill and perform its statutory mandate of protection and advocacy for individuals with developmental disabilities and mental illness.

## PRAYER FOR RELIEF

67. WHEREFORE, Plaintiff NDALC respectfully requests that:

    A.  This Court grant a declaratory judgment to Plaintiff declaring that Defendants policies and practices are in violation of the PAIMI Act and DD Act and their implement regulations for refusing Plaintiff prompt access to all requested records relating to TD, JL, AM and JM.

    B.  This Court grant a declaratory judgment to Plaintiff declaring that Division Policy #4.022(6)(B)(3) violates the PAIMI Act and the DD Act and their implementing regulations.

    C.  This Court issue an injunction requiring Defendants to promptly produce any serious incident report, death review report or other internal investigational materials pertaining to TD, JL, AM and JM, so that Plaintiff NDALC may review and copy the same.

- 12 -

D. This Court issue a permanent injunction against Defendants and their successors to prevent Defendants and their successors from engaging in the conduct complained of herein regarding all future records requests by Plaintiff NDALC in accordance with the PAIMI Act, DD Act and their implementing regulations for production of serious incident reports, death review reports and other investigational materials in a timely manner.

E. This Court award of reasonable attorney fees to Plaintiff NDALC and costs pursuant to 42 U.S.C. §1988.

F. This Court award Plaintiff any other relief that the Court deems just and and equitable.

Dated this 17th day of June, 2005.

Respectfully Submitted,

**NEVADA DISABILITY ADVOCACY & LAW CENTER, INC.**

By: _____

William W. Heaivilin, Esq.
Nevada Bar No. 7742

_____
Lynne P. Bigley, Esq.
Nevada Bar No. 6226

6039 Eldora Avenue
Suite C-Box 3
Las Vegas, Nevada 89146
(702) 257-8150
FAX: (702) 257-8170

ATTORNEYS FOR PLAINTIFF

- 13 -