1   **William Heaivilin, Esq.**
    **Nevada Bar No.7742**
2   **Lynne P. Bigley, Esq.**
    **Nevada Bar No. 6226**
3   **Nevada Disability Advocacy & Law Center**
    **6039 Eldora Avenue, Suite C-Box 3**
4   **Las Vegas, Nevada 89146**
    **Telephone: (702) 257-8150**
5   **Fax: (702) 257-8170**

6

    **Attorneys for Plaintiff**
7

8
                            **UNITED STATES DISTRICT COURT**
9
                                **DISTRICT OF NEVADA**
10

11  NEVADA DISABILITY ADVOCACY         )
    AND LAW CENTER INC., the State of  )
12  Nevada's Protection and Advocacy   )
    Agency, a Nevada Non-Profit        )
13  Corporation,                       )
                                       )     **Case No: 2:05-CV-0757-PMP-GWF**
14                  Plaintiff,         )
                                       )
15  vs.                                )     **PLAINTIFF'S MOTION TO STRIKE**
                                       )
16  MICHAEL J. WILLDEN, in his official )
    capacity as Director of the Department of )
17  Human Resources; CARLOS            )
    BRANDENBURG, in his official       )
18  capacity as Administrator of the Division )
    of Mental Health and Developmental )
19  Services, JONNA TRIGGS, in her     )
    official capacity as Director of Southern )
20  Nevada Adult Mental Health Services; )
    HAROLD COOK, in his official capacity )
21  as Director of Northern Nevada Adult )
    Mental Health Services; STANLEE    )
22  DODD, in his official capacity as   )
    Director of Desert Regional Center; )
23  DAVID LUKE, in his official capacity as )
    Director of Sierra Regional Center; )
24                                     )
                    Defendants.        )
25  _____/  )

26

*NEVADA DISABILITY ADVOCACY & LAW CENTER*
*1311 N. MCCARRAN BLVD., SUITE 106*
*SPARKS, NEVADA 89431*
*TELEPHONE (775) 333-7878*

1   Plaintiff Nevada Disability Advocacy & Law Center, Inc. (hereinafter "NDALC") by and

2   through the undersigned counsel hereby moves to strike Exhibit 1 attached to Defendants Motion

3   to Dismiss, or in the alternative, Motion for Summary Judgment:

4   <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

5   Plaintiff NDALC is the protection and advocacy agency for the State of Nevada, and pursuant to

6   the agency's federal mandate investigates issues of abuse and neglect involving individuals with

7   disabilities.  NDALC filed this action in June, 2005 as a result of being denied ongoing access to records

8   by the Department of Human Resources' Division of Mental Health and Developmental Services

9   (hereinafter "Division") during investigations that Plaintiff was conducting.  NDALC has alleged in the

10  complaint that the denial of access to these documents and the Division's policies regarding access to

11  documents by NDALC violated the Developmental Disabilities Assistance and Bill of Rights Act of

12  2000, 42 U.S.C. §15401-15045, and the Protection and Advocacy for Individuals with Mental Illness Act

13  of 1986, 42 U.S.C. §10801, et seq.  NDALC's complaint also states a claim that Defendants violated

14  NDALC's due process rights and seeks reasonable attorney fees.

15  Federal Rule of Evidence, Rule 408 provides in pertinent part:

16   Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or
      offering or promising to accept, a valuable consideration in compromising or
17   attempting to compromise a claim which was disputed as to either validity or
      amount, is not admissible to prove liability for or invalidity of the claim or the
18   amount. . . .

19  Defendants attached a letter from August, 2005, drafted by Defendants' counsel to Plaintiff's

20  counsel as Exhibit 1 to their Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.

21  Defendants allege this letter has somehow created a "protocol" governing voluntary production of

22  documents when sought by NDALC during its investigations, and as result of this alleged "protocol",

23  Plaintiff's claims are now moot. The parties have been engaged in ongoing settlement discussions since

24  the filing of the above-referenced action.   The document attached as Exhibit 1 to Defendants' alternate

25  motions represents evidence of those ongoing settlement discussions and is not admissible under FRE

26  //

PAGE 2 OF 4 – PLAINTIFF'S MOTION TO STRIKE

*NEVADA DISABILITY ADVOCACY & LAW CENTER*
*1311 N. MCCARRAN BLVD., SUITE 106*
*SPARKS, NEVADA 89431*
*TELEPHONE (775) 333-7878*

1  408. [See *Declaration of Lynne Bigley, Esq.* filed concurrently herewith].  Accordingly, Plaintiff moves

2  to strike defendants' Exhibit 1 pursuant to FRE 408.

3       Finally, this Court should strike Exhibit 1 on the basis that it is not authenticated.  "[I]it is well

4  settled that unauthenticated documents cannot be considered on a motion for summary judgment".

5  Canada v. Blain's Helicopters, Inc., 831 F.2d 920, 925 (9th Cir. 1987).  Accordingly, Plaintiff's Motion to

6  Strike should be granted on the basis that it represents evidence of compromise under FRE 408 and is

7  otherwise unauthenticated by Defendants.

8                                   **CONCLUSION**

9       For all the foregoing reasons, this Court should grant Plaintiff's relief requested herein and strike

10  Exhibit 1 attached to Defendants' Motion to Dismiss, or in the alternative Motion for Summary

11  Judgment.

12       Respectfully submitted,

13  WILLIAM HEAIVILIN, ESQ.
    Nevada Bar No.#7742
14  LYNNE P. BIGLEY, ESQ.
    Nevada State Bar #6226
15  NEVADA DISABILITY ADVOCACY
    AND LAW CENTER, INC.
16  Nevada Disability Advocacy & Law Center
    6039 Eldora Avenue, Suite C-Box 3
17  Las Vegas, Nevada 89146

18  Dated this 5th Day of February 2007.

19

20  BY:__/s/_____
       LYNNE P. BIGLEY, ESQ.

21

22

23

24

25

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil, Procedure 5(b), I hereby certify that on this 5th day of February 2007, the foregoing *Motion to Strike* was served upon the parties by electronic transmission via the Case Management/Electronic Case Filing system of the United States District Court for the District of Nevada to the attorneys of record for Defendants who are registered Filing Users of said Filing System.

Executed on February 5, 2007, at Sparks Nevada.

s/s _____

Lynne Bigley, Esq.

NEVADA DISABILITY ADVOCACY & LAW CENTER
1311 N. MCCARRAN BLVD., SUITE 106
SPARKS, NEVADA 89431
TELEPHONE (775) 333-7878