1

2

3

4                       UNITED STATES DISTRICT COURT

5                            DISTRICT OF NEVADA

6                                     * * *
                                         )
7    NEVADA DISABILITY ADVOCACY &        )
     LAW CENTER,                         )
8                                        )
                  Plaintiff,             )
9                                        )        2:05-CV-00757-PMP-GWF
       v.                                )
10                                       )        O R D E R
     MICHAEL J. WILLDEN, et al.,         )
11                                       )
                  Defendants.            )
12   _____)

13            Presently before the Court is Defendants' Motion to Dismiss or, in the

14   Alternative, Motion for Summary Judgment (Doc. #16), filed on January 22, 2007.  Plaintiff

15   filed an Opposition (Doc. #20) on February 6, 2007.  Defendants filed a Reply (Doc. #22)

16   on February 15, 2007.

17            Also before the Court is Plaintiff's Motion to Strike (Doc. #19) with a supporting

18   declaration (Doc. #18), filed on February 5, 2007.  Defendants filed an Opposition (Doc.

19   #23) on February 15, 2007.  Plaintiff filed a Reply (Doc. #24) on February 26, 2007.

20   I.       BACKGROUND

21            Plaintiff Nevada Disability Advocacy & Law Center ("NDALC") is a non-profit

22   corporation which the Nevada Governor designated as the protection and advocacy system

23   in Nevada to protect the rights of disabled persons in the state.  (Compl. [Doc. #1] at 3.)

24   Defendants are the directors and administrators of the Nevada Department of Human

25   Resources, the Division of Mental Health and Developmental Services, Southern Nevada

26   Adult Mental Health Services, Northern Nevada Adult Mental Health Services, Desert

1   Regional Center, and Sierra Regional Center, all of which provide services, care, and

2   treatment to disabled individuals in Nevada.  (Id. at 3-4.)  NDALC brought this suit alleging

3   Defendants have acted contrary to the Developmental Disabilities Assistance and Bill of

4   Rights Act of 2000 and the Protection and Advocacy for Individuals with Mental Illness

5   Act of 1986 by refusing to provide to NDALC requested records on specific incidents of

6   suspected abuse or neglect of disabled persons resulting in injury or death.  (Id. at 4-12.)

7   NDALC asserts Defendants' refusal inhibits NDALC from completing its statutorily

8   authorized investigations into these incidents.  (Id.)  NDALC also challenges Defendant

9   Division of Mental Health and Developmental Services' policy #4.022(6)(B)(3), which

10  states:  "Reports prepared for purposes of performance improvement (i.e., root cause

11  analyses, corrective action plans, denials of rights and incident reports) shall not be

12  available to NDALC staff."  (Id. at 7.)

13          NDALC asserts claims for violation of the Protection and Advocacy for

14  Individuals with Mental Illness Act of 1986, violation of the Developmental Disabilities

15  Assistance and Bill of Rights Act of 2000, and deprivation of rights under 42 U.S.C.

16  § 1983.  (Id. at 8-12.)  NDALC seeks as relief a declaratory judgment that Defendants'

17  policies and practices, including policy #4.022(6)(B)(3), violate the two Acts; injunctive

18  relief requiring Defendants to produce the requested documents; a permanent injunction

19  prohibiting Defendants and their successors from refusing to provide requested information

20  in the future; and attorneys' fees.  (Id. at 12-13.)

21          Defendants move to dismiss the Complaint as moot because Defendants have

22  turned over all requested documentation and Defendants have agreed to institute a new

23  protocol for future document requests which provides NDALC even greater access than the

24  two Acts require.  Defendants provide a letter from Susanne M. Sliwa ("Sliwa"), Deputy

25  Attorney General, to NDALC which states Defendants will turn over all the requested

26  documents in the specifically identified incidents.  (Mot. to Dismiss [Doc. #16], Ex. 1.)

1   Additionally, the letter states that although Defendants would not produce all serious

2   incident reports, denials of rights, or death reviews on a sweeping basis, Defendants would

3   provide NDALC such documents upon request through the Attorney General's office with a

4   client name.  (Id.)  Defendants contend NDALC's Complaint therefore is moot because

5   Defendants have complied with the specific document requests and have altered their

6   policies to allow NDALC access to documents in the future.

7          NDALC responds by moving to strike the letter as unauthenticated and an

8   improper submission of evidence of settlement negotiations.  NDALC also responds that

9   even if the Court considers the letter, this action is not moot because Defendants continue to

10  maintain a policy of denying NDALC access to certain records.  NDALC also contends the

11  case is not moot because Defendants' refusal to provide records is capable of repetition and

12  evasion of review and because Defendants voluntarily have ceased their behavior but they

13  could resume denying NDALC access at any time.

14  **II.       MOTION TO STRIKE**

15         NDALC moves to strike Sliwa's letter as unauthenticated and as improperly

16  submitted evidence of settlement negotiations under Federal Rule of Evidence 408.

17  Defendants respond by authenticating the letter.  Additionally, Defendants argue it is not

18  evidence of settlement negotiations because the letter does not refer to settling or

19  compromising NDALC's claims in the present action and does not refer to a matter which is

20  disputed between the parties because Defendants capitulated to NDALC's demands.

21         "Authentication is a condition precedent to admissibility, and this condition is

22  satisfied by evidence sufficient to support a finding that the matter in question is what its

23  proponent claims."  Orr v. Bank of Am., NT & SA, 285 F.3d 764, 773 (9th Cir. 2002)

24  (citing Fed. R. Evid. 901(a)) (quotation and footnote omitted).  Pursuant to Federal Rule of

25  Civil Procedure 56(e), documents authenticated through personal knowledge must be

26  "attached to an affidavit that meets the requirements of [Fed. R. Civ. P.] 56(e) and the

1  affiant must be a person through whom the exhibits could be admitted into evidence." <u>Orr</u>,

2  285 F.3d at 774 (quotation omitted).  The decision whether to exclude evidence lies within

3  the Court's discretion.  <u>Id.</u> at 773.

4        Federal Rule of Evidence 408(a) makes inadmissible offers of compromise or

5  conduct or statements made in negotiations regarding a claim as proof of "liability for,

6  invalidity of, or the amount of a claim that was disputed as to validity or amount."

7  However, evidence of compromise is admissible if "offered for purposes not prohibited by

8  subdivision (a).  Examples of permissible purposes include proving a witness's bias or

9  prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal

10  investigation or prosecution."  Fed. R. Evid. 408(b).  When considering whether to admit

11  evidence of compromise for a permissible purpose, the Court weighs the evidence's

12  prejudicial effect against its relevance.  <u>Weir v. Fed. Ins. Co.</u>, 811 F.2d 1387, 1395-96 (10th

13  Cir. 1987).  Whether evidence is inadmissible pursuant to Rule 408 lies within the Court's

14  discretion.  <u>Mundy v. Household Fin. Corp.</u>, 885 F.2d 542, 547 (9th Cir. 1989).

15        Defendants have authenticated the Sliwa letter through Sliwa's affidavit

16  identifying the exhibit as a true and correct copy of a letter Sliwa sent to NDALC on August

17  15, 2005.  The Court therefore will deny NDALC's motion to strike the exhibit as

18  unauthenticated.

19        The Court also will not strike the letter as evidence of settlement negotiations

20  under Rule 408 because the letter does not attempt to settle a claim which the parties

21  disputed as to the validity or amount.  Rather, the Sliwa letter demonstrates Defendants

22  agreed to turn over to NDALC the specifically requested documents and Defendants agreed

23  the relevant statutes entitle NDALC to documents upon a showing of probable cause.

24  Instead of requiring NDALC to show probable cause, however, the Sliwa letter sets forth a

25  procedure for future document requests which requires NDALC to provide only a client

26  name to the Attorney General to receive the requested documents.  The Sliwa letter does not

1   request any concessions on NDALC's part in return for Defendants providing the

2   specifically requested documents or for changing the policy for future document requests.

3          Even if the parties disputed the validity of NDALC's claims regarding the

4   documents and Defendants' policies, Defendants are offering the Sliwa letter for a purpose

5   other than proving the validity or amount of NDALC's claims.  Defendants offer the letter

6   to show NDALC's claims are moot, not that they are invalid on the merits.  The letter is

7   relevant to determine this Court's continuing jurisdiction over this matter and the

8   prejudicial effect is minimal because it does not undermine the validity or amount of

9   NDALC's demands, it contains no admissions by NDALC, and it does not suggest NDALC

10  attempted to bargain due to a perceived weakness in its case.  Admitting into evidence a

11  letter in which the defendant unconditionally offers to comply with the plaintiff's demands

12  in the complaint with no corresponding obligation for the plaintiff to relinquish anything

13  would not discourage settlement negotiations.  Accordingly, the Court will deny NDALC's

14  motion to strike the Sliwa letter.

15  **III.       MOTION TO DISMISS**

16         Defendants move to dismiss the Complaint as moot because Defendants have

17  provided all requested documents and have modified their policy to permit NDALC to

18  access documents in the future through a request with the Attorney General's office.

19  NDALC responds that the case is not moot because Defendants maintain a policy to restrict

20  NDALC access to certain documents.  NDALC also argues exceptions to the mootness

21  doctrine apply because Defendants' conduct is capable of repetition yet evading review and

22  Defendants voluntarily ceased their allegedly illegal behavior.

23         "A case is moot if the issues presented are no longer live and there fails to be a

24  'case or controversy' under Article III of the Constitution."  In re Burrell, 415 F.3d 994, 998

25  (9th Cir. 2005).  An action is no longer live when the court cannot give the plaintiff any

26  effective relief if it decided the matter on the merits in the plaintiff's favor.  Id.  The party

1   asserting mootness bears a "heavy burden of establishing that there is no effective relief

2   remaining for a court to provide." Tinoqui-Chalola Council of Kitanemuk & Yowlumne

3   Tejon Indians v. United States Dep't of Energy, 232 F.3d 1300, 1303 (9th Cir. 2000).

4          Two exceptions to the mootness doctrine include wrongs capable of repetition yet

5   evading review and the defendant's voluntary cessation of the allegedly wrongful conduct.

6   In re Burrell, 415 F.3d at 998.  Issues are capable of repetition yet evading review when the

7   challenged action's duration is too brief to be fully litigated before it ends and a reasonable

8   expectation exists that the defendant will subject the plaintiff to the same action again.  Doe

9   v. Madison Sch. Dist. No. 321, 177 F.3d 789, 798 (9th Cir. 1999).  A defendant's voluntary

10  cessation of the alleged wrongful conduct does not moot a case if a reasonable expectation

11  exists that the defendant will repeat the wrong.  Id. at 799.

12         This matter is moot because even if the Court found in Plaintiff NDALC's favor,

13  it could not provide NDALC any effective relief.  Defendants already have turned over all

14  specifically requested documents, and thus nothing remains for the Court to do with respect

15  to those claims.  Additionally, Defendants voluntarily have ceased to enforce the policy

16  restricting NDALC's access to other types of documents and have instituted a new policy

17  which grants NDALC access to documents in the future by providing a client name to the

18  Attorney General.  NDALC sought only declaratory and injunctive relief and Defendants

19  voluntarily have responded to NDALC's demands.[1]

20         This case does not qualify as an exception to mootness under the capable of

21  repetition yet evading review doctrine.  First, Defendants conceivably could withhold

22  documents long enough to litigate the matter on the merits.  Second, there is no reasonable

23

24  _____

25      [1] NDALC did not make a claim for money damages.  NDALC's request for attorneys' fees
    does not preclude a finding of mootness in the underlying case. Cammermeyer v. Perry, 97 F.3d 1235,
    1238 (9th Cir. 1996) ("The existence of an attorneys' fees claim thus does not resuscitate an otherwise
26  moot controversy.").

1  expectation Defendants will subject NDALC to the same action again.  Defendants

2  represent they have abandoned the policy of restricting NDALC access to documents and

3  have instituted a new policy that permits NDALC access upon request to the Attorney

4  General with a client's name.  For the same reason, Defendants' voluntary cessation does

5  not provide an exception to the mootness doctrine.  Although NDALC contends it has a

6  reasonable expectation Defendants will deny document requests in the future, NDALC

7  presents no basis for this belief.

8          NDALC fears Defendants will withhold documents in the future until NDALC

9  files suit and then turn over the documents to moot the case.  If Defendants engage in such

10  tactics, NDALC likely will overcome a mootness challenge in the future because

11  Defendants' conduct would support a reasonable expectation Defendants would subject

12  NDALC to the same action again.  However, at this point in time, Defendants deny any

13  intent to return to their prior policy and NDALC has presented no basis to disbelieve

14  Defendants' assertions.

15  **IV.      CONCLUSION**

16          IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike (Doc. #19) is

17  hereby DENIED.

18          IT IS FURTHER ORDERED that Defendants' Motion to Dismiss or, in the

19  Alternative, Motion for Summary Judgment (Doc. #16) is hereby GRANTED.  Plaintiff's

20  Complaint is hereby DISMISSED as moot.

21

22  DATED:   April 4, 2007.

23

24  _____

25          PHILIP M. PRO
        United States District Judge

26